## BENSON *vs.* GOTTHEIMER.

1. Where a landlord's special lien for supplies, money, etc., was assigned, and was foreclosed by the assignee and levied on the crop of the tenant, and a claim was interposed by one who purchased the crop from the tenant with full notice of the lien and its assignment, he could not defeat it by setting up that the real contract between the original parties was one of sale and not of renting, and that it was put in that form merely to conceal a charge of usury, the only thing in issue being the lien for supplies, and not the original contract for the rent.

(*a.*) If the defendant in execution assigned only his place in the contract to the claimant, and paid him a valuable consideration to assume his obligation, the claimant could not set up the defence of usury against the plaintiff's vendor; the assignment did not carry with it the right to make a defence on which the assignor refused to insist; and if the claimant had sought to purchase the right to carry on a litigation, it would have been champertous.

2. Where a landlord reserves in writing a special lien for supplies furnished, he can assign the same in writing, under the act of 1875, and when so assigned, it may be enforced by the assignee just as it could have been enforced by the landlord. It makes no difference that the lien was transferred on the day it was made and before any supplies had been furnished by the landlord, the object of the assignment being to enable him to comply with his part of the contract.

February 9, 1886.

Landlord and Tenant. Contracts. Interest and Usury. Assignment. Liens. Before · Judge LUMPKIN. Wilkes Superior Court. May Term, 1885.

Reported in the decision.

SIMS & SHUBRICK; COLLEY & FORTSON, for plaintiff in error.

HARDEMAN & IRVIN, for defendant.

HALL, Justice.

The plaintiff in *fi. fa.* became the assignee of a landlord's lien created by a special contract in writing, and given by

the defendant for supplies, money, etc., agreed to be furnished to him as tenant. On the day this lien was given, it was regularly assigned in writing to the plaintiff, and when due, it was foreclosed, and the *fi. fa.* issued on this judgment was levied on a portion of the crop grown on the land rented to the defendant; the crop thus levied on was claimed by Benson, who purchased the same from the tenant, with full notice, however, of the landlord's special liens in writing, both for rent and supplies, and also of their assignment to plaintiff. By consent, the property levied on was sold, and the sum arising from the sale was substituted for it, and considered as standing in its place. .The questions of law and fact involved in the issues made by the levy and claim were, by agreement, decided by the presiding judge without a jury.

The judgment was for the plaintiff, and claimant excepted and brought the case here for review.

1. The claimant insisted that the lien held by plaintiff grew out of and was part of a usurious contract, and was utterly void; that it was a mere shift to evade the statute against usury; that the defendant was not, in fact, the tenant of Mrs. Norman, the assignor of the lien to plaintiff, but that he held the premises under a contract of purchase from her, and she being unwilling to take eight per cent. for her money, resorted to this device that she might exact twelve and a half per cent for the use of the same, and took the rent notes in question for that amount, claiming: under this agreement to be the landlord, instead of the vendor of the defendant; that claimant took from him an assignment of the contract for the purchase of the land, at the same time he bought the crop then growing thereon. Even if the claimant could have availed himself of the defence that the plaintiff might have set up against Mrs. Norman on account of the usury in the transaction respecting the sale and purchase of the land, he is not in a situation to do so, because the contract for this rent was not included in the assignment in dispute; that

for the supplies furnished is alone in issue. Whether this transaction respecting the rent note and defining the relation of the original parties to each other was usurious, is a question for the jury to pass upon, and we think it quite evident that, if the defendant in execution assigned only his place in the contract to the claimant, and paid him a valuable consideration to assume his obligation, the claimant could not set up the defence of usury against the plaintiff's vendor. *Hammond et al. vs. Buys*, 1 *Kelly*, 416. The assignment did not carry with it the right to make a defence, on which the assignor refused to insist; besides, if the assignee had desired to carry on this litigation with Mrs. Norman, he could not have purchased the right to do so; such an agreement would have been champertous, and have amounted to maintenance and the buying of a lawsuit.

*Worsham et al. vs. Brown*, 4 *Ga.*, 284, is directly upon this point; it is there said (p. 286) that the assignee of a *fi. fa.* could purchase only the execution and judgment on which it issued, and the lien which by law it had on the property of defendant. The plaintiff could not convey to him the right to sue for a fraud, either at law or in equity. "Much less does it pass as an incident to the assignment. The very attempt to convey this right would constitute, in spirit, that offense against public justice, forbidden by 32 Hen. VIII., which has be enadopted in this state. It would be selling a lawsuit."

2. Where the landlord reserves in writing a special lien for supplies to be furnished the tenant, he can, under the act of 1875, p. 20, Code, §1978, sub-sec. 2, assign the same in writing, and when so assigned, it may be enforced by the assignee, just as it could have been by the landlord. There is nothing in the objection that the lien was transferred on the day it was made, and before any supplies had been furnished by the landlord. The very object of the assignment is to enable the landlord to comply with this part of the contract. Besides, so far as respects the remedy

and the right to enforce the lien, the assignee, by reason of the written transfer, becomes *quoad hoc* to all intents. and purposes the landlord. As two could not hold sepa- rately and adversely a lien against one and the same tenant, when the assignment was completed, the assignor ceased to be landlord over the matter assigned. It is needless to consider other questions made in the record, since those already passed upon show that the court could have come to no other conclusion than he did. The result reached was inevitable.

Judgment affirmed.