## MERCER & COMPANY vs. CROSS.

Where a tenant made a note payable to his landlord or bearer, for supplies to be furnished to make the crop on the rented land, and in the same instrument gave to the landlord a lien on such crop with authority to transfer the same, and the landlord, in order to obtain the furnishing of the supplies, transferred the note and lien to a firm, guaranteeing payment and stipulating that the debt should have priority over any claim for rent, and thereupon the assignees furnished the supplies to the tenant, they were entitled to foreclose the lien therefor as the landlord could have done had he furnished the supplies and made no such assignment. (Rep.)

(a) This case differs from that of *Scott vs. Pound*, 61 *Ga.* 579. (Rep.)

February 20, 1888.

Landlord and Tenant. Promissory Notes. Liens. Crops. Assignment. Subrogation. Before Judge JOHN T. CLARKE. Terrell Superior Court. May Term, 1887.

Reported in the decision.

HOYL & PARKS, for plaintiffs in error.

C. B. WOOTEN, by brief, for defendant.

BLECKLEY, Chief Justice.

Cross, being the tenant of Grier, executed to him, on February 6th, 1886, a note for $400.00, payable to Grier or

bearer on the first of September thereafter, for value received, as an advance on crops to be raised that year, for supplies to enable him to make said crop , and in the same instrument gave to Grier a landlord's lien (with authority to transfer the same) on said crop, including cotton, corn, fodder, peas, potatoes, wheat and oats, sugar-cane, etc. Grier did not himself advance anything, but assigned the instrument, including both the note and the lien, to Mercer & Co., guaranteeing payment and stipulating that this debt should have priority over any claim for rent. Mercer & Co. furnished supplies to Cross under the lien, and in October, 1886, foreclosed the lien in terms of the statute, for the sum of $192.98, besides interest. The *fi. fa.* issued upon the affidavit of foreclosure was levied upon cotton, corn, fodder, peas and cotton-seed, produced on the rented premises. Cross made affidavit that the *fi. fa.* was proceeding against him illegally, because he is not indebted to Mercer & Co. on any landlord's lien as alleged in the affidavit upon which the *fi. fa.* issued ; and because there is no judgment against him as a foundation for issuing the *fi. fa.* The issue thus made up was returned to the superior court for trial.

At the trial, J. R. Mercer testified that he was a member of the firm of J. R. Mercer & Co., plaintiffs in this case, and that they furnished the defendant provisions and supplies in the year 1886, to enable him to make his crop on the James Grier place in the third district of said county, to the amount of the lien just introduced in evidence and more than that sum ; that provisions and supplies to the amount of $400.00 were furnished. the defendant on the faith of said landlord's lien, and that the plaintiffs relied. upon that to secure them; they would not credit Cross, and when he applied to them, early in the year 1880, to furnish him provisions and supplies, they declined to do so, but agreed with him, if he would make a lien to his landlord, Grier, and Grier would transfer and assign the

v-79-28.

lien to them, then they would furnish him provisions and supplies. Grier, the landlord, spoke to the plaintiffs early in the year about furnishing Cross with provisions and supplies, and the plaintiffs consented to do so on condition that Grier would take a landlord's lien from Cross and duly assign and transfer the same to the plaintiffs. This was done, and on the faith of the lien they furnished Cross supplies and provisions to the amount of the lien. Cross paid the plaintiffs for all of said supplies and provisions except the amount of $192.98, for which sum the lien was foreclosed. As soon as the amount became due, payment was demanded by the plaintiffs of Cross personally, and payment refused. The articles were charged to Cross alone, and Grier was not liable either as principal or security for them; and all of them were furnished after the lien paper was transferred to the plaintiffs.

Grier testified that he was the landlord of Cross for the year 1886, and not being able to furnish him provisions and supplies, he saw Mercer & Co. about doing so, and they agreed to do so if the witness would take a landlord's lien from his tenant and would transfer and assign the same to them. This was done, and they furnished Cross the supplies and provisions as he needed them, along during the year, charging them to Cross only.

The plaintiffs having closed, counsel for the defendant moved to quash the *fi. fa.* because the plaintiffs had no lien which they could foreclose against Cross, they having furnished the supplies and provisions to Cross, and not to his landlord, to be by the latter furnished to Cross. The court sustained the motion and quashed the *fi. fa.*

This case is ruled in all respects by *Benson vs. Gottheimer*, 75 *Ga.* 642; and according to that case, the court committed error. Nor is there any conflict between it and *Scott vs. Pound*, 61 *Ga.* 579. A careful reading of the two cases will enable any person to distinguish them. It was stated by counsel in the argument, that the former was

not brought to the attention of the court below when the present case was under consideration; and we doubt not if it had been the decision would have been different.

Judgment reversed.